9.0

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.                                    SUPERIOR COURT DEPARTMENT
                                                C.A. NO.: 04-01000

| | |
|---|---|
| CLAFCO BUILDERS CORPORATION<br>    Plaintiff,<br><br>v.<br><br>THE TOWN OF MEDWAY,<br>    Defendant,<br><br>and<br><br>DANIEL J. HOOPER, MATTHEW J. HAYES, ALAN DETOMA, KARYL SPILLER-WALSH and KENT SCOTT, Individually and in their Official Capacities as Members of the TOWN OF MEDWAY PLANNING BOARD<br>    Defendants. |  |

## WRITTEN NOTICE OF REMOVAL TO
## FEDERAL COURT PURSUANT TO 28 U.S.C. §1446(d)

A Notice of Removal of the above-captioned action from the Superior Court of the Commonwealth of Massachusetts, Norfolk County, to the United States District Court for the District of Massachusetts (a copy of which Notice is filed herewith) was duly filed on July 9, 2004, in the United States District Court for the District of Massachusetts. A copy of the Notice of Removal, certified by the United States District Court for the District of Massachusetts, having been duly filed with the Clerk for the Superior Court of the Commonwealth of Massachusetts, Norfolk County, in accordance with 28 U.S.C. §1446(d), the Superior Court shall proceed no further herein unless and until the case is remanded.

Respectfully submitted,
The Defendants,
The Town of Medway, and Daniel J. Hooper, Matthew J. Hayes, Alan DeToma, Karyl Spiller-Walsh and Kent Scott, Individually and in their Official Capacities as Members of the Town of Medway Planning Board,
By their attorneys,

*Deborah Ecker*
Leonard H. Kesten, BBO# 542042
Deborah I. Ecker, BBO# 554623
BRODY, HARDOON, PERKINS & KESTEN, LLP
One Exeter Plaza, 12th Floor
Boston, MA 02116
617) 880-7100

DATED: July 12, 2004

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No.

04  11538

CLAFCO BUILDERS CORPORATION
Plaintiff,

v.

THE TOWN OF MEDWAY,
Defendant,

and

DANIEL J. HOOPER, MATTHEW J. HAYES, ALAN DETOMA, KARYL SPILLER-WALSH and KENT SCOTT, Individually and in their Official Capacities as Members of the TOWN OF MEDWAY PLANNING BOARD
Defendants.



## DEFENDANTS' NOTICE OF REMOVAL OF ACTION FROM STATE COURT

Pursuant to 28 U.S.C. §1441(b) and 1446, Defendants petition for removal of this action to the United States District Court for the District of Massachusetts. As grounds therefore, the Defendants state as follows:

1. On or about June 16, 2004, the Plaintiff filed this suit in the Norfolk Superior Court, Civil Action No.: 04-0100.

2. On or about June 22, 2004, the Plaintiff's Complaint was served upon the Defendants. Attached as <u>Exhibit A</u> is a copy of the Plaintiffs' Complaint and summons which were served upon the Defendants.

3. In their Complaint, the Plaintiffs allege "42 U.S.C. §1983 provides a cause of action for the violation of a citizen's rights protected by the Constitution of the United States."

4. Because this matter is an action arising under federal law of which this Court has original jurisdiction, as authorized by 28 U.S.C. §1331, it is subject to removal under 28 U.S.C. §1441(b).

5. This Notice of Removal is being filed within the time period required by law, 28 U.S.C. §1446(b).

> Respectfully submitted,
> The Defendants,
> The Town of Medway, and Daniel J. Hooper, Matthew J. Hayes, Alan DeToma, Karyl Spiller-Walsh and Kent Scott, Individually and in their Official Capacities as Members of the Town of Medway Planning Board,
> By their attorneys,
>
> /s/ Deborah Ecker
> Leonard H. Kesten, BBO# 542042
> Deborah I. Ecker, BBO# 554623
> BRODY, HARDOON, PERKINS & KESTEN, LLP
> One Exeter Plaza, 12th Floor
> Boston, MA 02116
> 617) 880-7100

DATED: July 9, 2004

A TRUE COPY
Attest: [signature]

Town Administrator-Medway  1-508-533-3281                                      P.3

(TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED:-
TORT - MOTOR VEHICLE TORT - CONTRACT -
EQUITABLE RELIEF - OTHER.)

## COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.                                        SUPERIOR COURT
                                                    CIVIL ACTION

                                                    NO.
                                                    04  01000




Clafco Builders Corporation ........................, *Plaintiff(s)*

v.

Town of Medway and Daniel J. Hooper, Matthew J. Hayes,
Alan DeToma, Karyl Spiller-Walsh and Kent Scott, Individually
and in their official capacities as members of the
Town of Medway Planning Board ............, *Defendant(s)*

### SUMMONS

To the above-named Defendant: Karyl Spiller-Walsh, Wingate Farm, 168 Holliston Street, Medway, MA 02053

You are hereby summoned and required to serve upon Stephen C. Bazarian, Seyfarth Shaw LLP, Two Seaport Lane, plaintiff's attorney, whose address is Suite 300, Boston, MA 02210, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Dedham either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

WITNESS, SUZANNE V. DELVECCHIO, *Esquire*, at Boston..............the ..17th..............
day of ......June................., in the year of our Lord two thousand and .04..............

A TRUE COPY, ATTEST:

                                    _____ Clerk.
DEPUTY SHERIFF
DATE 6/22/04

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

F-33

Town Administrator-Medway   1-508-533-3281   p.4

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) | Trial Court of Massachusetts Superior Court Department County: Norfolk |
|---|---|---|
| PLAINTIFF(S)<br>Clafco Builders Corporation | | DEFENDANT(S) Town of Medway and Matthew J. Hayes, Alan DeToma, Karyl Spiller-Walsh, Daniel J. Ho and Kent Scott, individually and in their offi |
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE<br>Stephen C. Bazarian, Seyfarth Shaw LLP, Two Seaport Lane, Ste. 300, Boston, MA 02210<br>Board of Bar Overseers number: 553148   (617) 946-4800 | | ATTORNEY (if known) capacities as members of the Town Medway Planning Board |

Origin code and track designation

Place an x in one box only:
- [x] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| C99 | Subdivision Appeal | ( F ) | ( X ) Yes   ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ................................................. $........
2. Total Doctor expenses .................................................. $........
3. Total chiropractic expenses ............................................ $........
4. Total physical therapy expenses ........................................ $........
5. Total other expenses (describe) ........................................ $........
   Subtotal $........
B. Documented lost wages and compensation to date ........................... $........
C. Documented property damages to date ...................................... $........
D. Reasonably anticipated future medical and hospital expenses .............. $........
E. Reasonably anticipated lost wages ........................................ $........
F. Other documented items of damages (describe)
   $........
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
   See attached sheet.
   In excess of $ 25,000
   TOTAL $........

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)
Provide a detailed description of claim(s):

TOTAL $........

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on ...spute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____   DATE: 6/16/04

## Tort Claims

*Brief description of plaintiff's injury, including nature and extent of injury (describe):*

Plaintiff Clafco Builders Corp. ("Clafco Corp.") applied to the Town of Medway Planning Board ("Planning Board") for approval of a certain subdivision plan. The Planning Board denied the plan. In doing so, the Town of Medway and the individual defendants, individually and in their official capacities as members of the Planning Board, intentionally treated Clafco Corp. differently from others similarly situated and there was no rational basis for the difference in treatment. As such, the defendants, while acting under color of state law, caused Clafco Corp. to be deprived of its rights, including but not limited to those to equal protection, as secured by the Constitution and the laws of the United States in violation of 42 U.S.C. §1983. The damages suffered by Clafco Corp. as a result of this deprivation of rights is not yet ascertained by exceeds $25,000.

Town Administrator-Medway   1-508-533-3281   p.5

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss
                                      SUPERIOR COURT
                                      CIVIL ACTION NO. _____

CLAFCO BUILDERS CORPORATION, )
      Plaintiff,               )
                            )
v.                                )
                            )
THE TOWN OF MEDWAY,      )
      Defendant,           )
                            )
and                          )
                            )
DANIEL J. HOOPER, MATTHEW )
J. HAYES, ALAN DETOMA, KARYL )
SPILLER-WALSH and KENT SCOTT, )
Individually And In Their Official )
Capacities As Members Of The TOWN OF )
MEDWAY PLANNING BOARD, )
      Defendants.        )

[Stamp: TOWN OF MEDWAY  JUN 1 6 2004  TOWN CLERK]

[Stamp: RECEIVED  JUN 1 6 2004  TOWN OF MEDWAY PLANNING BOARD]

## COMPLAINT AND JURY DEMAND

### INTRODUCTION

1.   The Plaintiff brings this action pursuant to M.G.L. c. 41, §81BB, to annul a decision of the Town of Medway Planning Board denying a subdivision plan entitled "Hartney Acres Definitive Subdivision Plan Of Land In Medway, MA." In addition, the Plaintiff seeks redress pursuant to 42 U.S.C. §1983 for violations of its civil rights guaranteed under the laws of the United States of America.

### PARTIES, JURISDICTION AND VENUE

2.   Plaintiff Clafco Builders Corp. ("Clafco Corp.") is a corporation organized pursuant to the laws of the Commonwealth of Massachusetts with a place of business in Medway, Massachusetts.

3.   Defendant Town of Medway is a municipality existing under the laws of the

1

Commonwealth of Massachusetts and is a "person" within the meaning of 42 U.S.C. §1983.

4. Defendant Daniel J. Hooper is an individual residing in the Town of Medway, Massachusetts, and at all times relevant hereto was a member of the Town of Medway Planning Board ("Planning Board").

5. Defendant Matthew J. Hayes is an individual residing in the Town of Medway, Massachusetts, and at all times relevant hereto was a member of the Planning Board.

6. Defendant Alan DeToma is an individual residing in the Town of Medway, Massachusetts, and at all times relevant hereto was a member of the Planning Board.

7. Defendant Karyl Spiller-Walsh is an individual residing in the Town of Medway, Massachusetts, and at all times relevant hereto was a member of the Planning Board.

8. Defendant Kent Scott is an individual residing in the Town of Medway, Massachusetts, and at all times relevant hereto was a member of the Planning Board.

9. This Court has subject matter jurisdiction pursuant to, *inter alia*, M.G.L. c. 41, §81BB, and 42 U.S.C. §1983.

## FACTUAL ALLEGATIONS

10. Clafco Corp., along with the Estate of Kate Newton, are the owners of certain real property shown of Medway Assessors Map 5-8 ("Subject Property").

11. On or about December 5, 2003, Clafco Corp. applied to the Planning Board for approval of a certain subdivision plan for the Subject Property entitled "Hartney Acres Definitive Subdivision Plan Of Land In Medway, MA" ("Proposed Subdivision Plan" or the "Plan"), originally dated July 20, 2003, pursuant to the Massachusetts Subdivision Control Law, M.G.L. c. 41, §§81K, *et seq*. The Proposed Subdivision Plan was prepared

2

       by DeSimone & Associates of Medway, Massachusetts, and Richard F. Merrikin, P.E., of Millis, Massachusetts.

12. Section 4.2.5.1 of the Town of Medway, Massachusetts, Planning Board Rules and Regulations ("Subdivision Regulations"), provides, in pertinent part, that:

> Non-through streets and their extensions, if any, shall not be longer than six-hundred feet (600')...unless in the opinion of the Planning Board, a greater length is proven to be necessary by topography or other local conditions deemed to be in the best interest of the Town.

13. The Proposed Subdivision Plan contained a non-through street longer than six hundred (600) feet. As such, Clafco Corp. sought a waiver ("Requested Waiver") of Section 4.2.5.1's prohibition against a non-through street of such length.

14. Clafco provided sufficient information and documentation to the Planning Board to establish that the Requested Waiver was necessary by topography or other local conditions in the best interests of the Town of Medway.

15. On or about December 19, 2003, the Planning Board caused the Proposed Subdivision Plan to be submitted to the Medway Board of Health ("Board of Health").

16. The Board of Health failed to provide a written report on the Proposed Subdivision Plan within the time provided by M.G.L. c. 41, §81U, and, as such, the Plan was deemed approved by the Board of Health.

17. The Planning Board held public hearings on the Proposed Subdivision Plan.

18. On May 27, 2004, the Planning Board denied the Proposed Subdivision Plan, including but not limited to the Requested Waiver.

19. The Planning Board has approved in the past subdivision plans similar to the Proposed Subdivision Plan, including plans seeking waivers of Section 4.2.5.1 of the Subdivision Regulations.

20. For example, on or about June 27, 2001, Wallace Frink applied to the Planning Board for approval of a subdivision plan entitled "Definitive Subdivision-Granite Woods" ("Granite Woods Plan").

21. The Granite Woods Plan was similar to the Proposed Subdivision Plan and contained a dead end street exceeding six hundred (600) feet in length. As such, a waiver of Section 4.2.5.1 of the Subdivision Regulations was required for the Granite Woods Plan to be approved by the Planning Board. Despite this fact, the applicant did not apply for, and the Planning Board did not require, a waiver of Section 4.2.5.1 of the Subdivision Regulations.

22. On January 22, 2002, the Planning Board approved the Granite Woods Plan without a waiver of Section 4.2.5.1 of the Subdivision Regulations. A copy of the Board's Certificate of Approval of the Granite Woods Plan is attached hereto at Exhibit A.

23. On or about October 7, 2003, George Papadopolous applied to the Planning Board for approval of a subdivision plan entitled "Ishmael Coffee Estates Definitive Subdivision Plan" ("Ishmael Coffee Plan").

24. The Ishmael Coffee Plan was similar to the Proposed Subdivision Plan and contained a dead end street exceeding six hundred (600) feet in length. As such, the applicant sought a waiver of Section 4.2.5.1 of the Subdivision Regulations.

25. In support of this waiver request, the applicant provided information and documentation similar to that provided by Clafco Corp. in support of its Waiver Request.

26. On January 27, 2004, the Planning Board approved the Ishmael Coffee Plan, including the request for a waiver of Section 4.2.5.1 of the Subdivision Regulations. A copy of the Board's Certificate of Approval of the Ishmael Coffee Plan is attached hereto at Exhibit

B.

## COUNT I
(Planning Board – M.G.L. c. 41, §81BB)

27. Clafco Corp. repeats and incorporates by reference the allegations contained in paragraphs 1 through 26 of the Complaint as though fully set forth herein.

28. The Proposed Subdivision Plan, including but not limited to the Requested Waiver, conformed to the rules and regulations of the Planning Board, including but not limited to the Subdivision Regulations, and to the recommendations of the Board of Health.

29. The Planning Board's denial of the Proposed Subdivision Plan, including but not limited to its denial of the Requested Waiver, was arbitrary, capricious, unreasonable, without legal or factual foundation, without legal authority, without legal effect, and exceeded its authority.

30. The decision of the Planning Board is final.

WHEREFORE, plaintiff Clafco Builders Corporation respectfully requests that this Court annul the May 27, 2004, decision of the Town of Medway Planning Board denying the "Hartney Acres Definitive Subdivision Plan Of Land In Medway, MA."

## COUNT II
(All Defendants – 42 U.S.C. §1983)

31. Clafco Corp. repeats and incorporates by reference the allegations contained in paragraphs 1 through 30 of the Complaint as though fully set forth herein.

32. The Town of Medway and the individual defendants, individually and in their official capacities as members of the Planning Board, by their actions detailed above, intentionally treated Clafco Corp. differently from others similarly situated and there was no rational basis for the difference in treatment.

33. The Town of Medway and the individual defendants, individually and in their official capacities as members of the Planning Board, by their actions detailed above, while acting under color of state law, caused Clafco Corp. to be deprived of its rights, including but not limited to those to equal protection, as secured by the Constitution and the laws of the United States in violation of 42 U.S.C. §1983.

34. As a direct, proximate and foreseeable result of the conduct of the Town of Medway and the individual defendants, individually and in their official capacities as members of the Planning Board, Clafco Corp. suffered damages.

WHEREFORE, plaintiff Clafco Builders Corporation demands judgment against defendants Town of Medway and Daniel J. Hooper, Matthew J. Hayes, Alan DeToma, Karyl Spiller-Walsh and Kent Scott, individually and in their official capacities as members of the Town of Medway Planning Board, in an amount not yet ascertained but in excess of $25,000, plus interest, attorneys' fees and costs.

## DEMAND FOR RELIEF

WHEREFORE, plaintiff Clafco Builders Corp. demands as follows:

1. In accordance with Count I, that this Court annul the May 27, 2004, decision of defendant Town of Medway Planning Board denying the "Hartney Acres Definitive Subdivision Plan Of Land In Medway, MA;"

2. For judgment against defendants Town of Medway and Daniel J. Hooper, Matthew J. Hayes, Alan DeToma, Karyl Spiller-Walsh and Kent Scott, individually and in their official capacities as members of the Town of Medway Planning Board, in accordance with Count II, for violation 42 U.S.C. §1983, in an amount not yet determined but in excess of $25,000, plus interest and costs;

3.   For such other and further relief as this Court deems just and appropriate.

   PLAINTIFF CLAFCO BUILDERS CORP. HEREBY REQUESTS A TRIAL BY JURY ON ALL CLAIMS SO TRIABLE.

                                    CLAFCO BUILDERS CORPORATION
                                    By its attorneys,


                                    _____
                                    Peter Brooks (BBO# 058980)
                                    Stephen C. Bazarian (BBO#: 553148)
                                    SEYFARTH SHAW LLP
                                    World Trade Center East
                                    Two Seaport Lane, Suite 300
Date: June 16, 2004                 Boston, MA 02210-2028
                                    (617) 946-4800