UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 04-cv-11538

CLAFCO BUILDERS CORPORATION
    Plaintiff,

v.

THE TOWN OF MEDWAY,
    Defendant,

and

DANIEL J. HOOPER, MATTHEW J. HAYES, ALAN DETOMA, KARYL SPILLER-WALSH and KENT SCOTT, Individually and in their Official Capacities as Members of the TOWN OF MEDWAY PLANNING BOARD
    Defendants.

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT AND JURY DEMAND

The Defendants, Daniel J. Hooper, Mathew J. Hayes, Alan Detoma, Karyl Spiller-Walsh and Kent Scott, individually and in their official capacities as members of the Town of Medway Planning Board, (the "defendants") hereby answer the Plaintiff's Complaint paragraph by paragraph as follows;

### INTRODUCTION

1.    This paragraph contains introductory statements to which no response is required. To the extent that paragraph one contains allegations of fact, those allegations are denied.

## PARTIES AND JURISDICTION

2. The defendants admit the allegations contained in paragraph two of the Complaint.

3. The defendants admit that the Town of Medway is a municipality existing under the laws of the Commonwealth of Massachusetts. The defendants state that the remaining allegations contained in paragraph three state conclusions of law to which no response is required.

4. The defendants admit the allegations contained in paragraph four of the Complaint.

5. The defendants admit that allegations contained in paragraph five of the Complaint.

6. The defendants admit that Alan DeToma is an individual residing in the Town of Medway, Massachusetts. The defendants deny the remaining allegations contained in paragraph six of the Complaint.

7. The defendants admit the allegations contained in paragraph seven of the Complaint.

8. The defendants admit that Kent Scott is an individual residing in the Town of Medway, Massachusetts. The defendants deny the remaining allegations contained in paragraph eight of the Complaint.

9. The defendants state that the allegations contained in paragraph nine contain conclusions of law to which no response is required.

## FACTUAL ALLEGATIONS

10. The defendants are without sufficient information to form the truth of the allegations contained in paragraph ten of the Complaint which allegations are therefore denied.

11. The defendants admit the allegations contained in paragraph eleven of the Complaint.

12. The defendants state that the Planning Board Rules and Regulations as referenced in paragraph twelve speak for themselves and that no response is required.

13. The defendants admit the allegations contained in paragraph thirteen of the Complaint.

14. The defendants deny the allegations contained in paragraph fourteen of the Complaint.

15. The defendants admit the allegations contained in paragraph fifteen of the Complaint.

16. The defendants admit that the Board of Health did not provide a written on the proposed Subdivision Plan. The defendants further answer that the remaining allegations contained in paragraph sixteen contain conclusions of law to which no response is required. To the extent that a response is required the allegations are denied.

17. The defendants admit the allegations contained in paragraph seventeen of the Complaint.

18. The defendants admit the allegations contained in paragraph eighteen of the Complaint.

19. The defendants deny the allegations contained in paragraph nineteen of the Complaint.

20. The defendants admit that Wallace Frank applied to the Planning Board for approval of a subdivision plan entitled "Definitive Subdivision-Granite Woods". The defendants deny the remaining allegations contained in this paragraph.

21. The defendants deny the allegations contained paragraph twenty-one.

22. The defendants admit that the Planning Board approved the Granite Woods Plan. The defendants deny the remaining allegations contained in this paragraph.

23. The defendants admit the allegations contained in paragraph twenty-three of the Complaint.

24. The defendants deny the allegations contained in the first sentence of paragraph twenty-four. The defendants admit the allegations contained in the second sentence that the applicant sought a waiver of Section 4.2.5.1 of the Subdivision Regulations.

25. The defendants deny the allegations contained in paragraph twenty-five of the Complaint.

26. The defendants admit the allegations contained in paragraph twenty-six of the Complaint.

## COUNT I

(Planning Board – M.G.L. c. 41, §§81BB)

27. Defendants re-allege and incorporate by reference their answers to paragraphs 1 through 26 above as though fully set forth herein.

28. The defendants deny the allegations contained in paragraph twenty-eight of the Complaint.

29. The defendants deny the allegations contained in paragraph twenty-nine of the Complaint.

30. The defendants admit the allegations contained in paragraph thirty of the Complaint.

WHEREFORE, the Defendants demand that judgment be entered in their favor with interest, fees, and costs awarded to them.

## COUNT II

(All Defendants – 42 U.S.C. §1983)

31. Defendants re-allege and incorporate by reference their answers to paragraphs 1 through 30 above as though fully set forth herein.

32. The defendants deny the allegations contained in paragraph thirty-two of the Complaint.

33. The defendants deny the allegations contained in paragraph thirty-three of the Complaint.

34. The defendants deny the allegations contained in paragraph thirty-four of the Complaint.

WHEREFORE, the Defendants demands that judgment be entered in their favor with interest, fees, and costs awarded to them.

## FIRST AFFIRMATIVE DEFENSE

The Complaint should be dismissed for failure to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Count III of the Complaint (Violation of 42 U.S.C. §1983) should be dismissed for failure to state a claim upon which relief may be granted.

## THIRD AFFIRMATIVE DEFENSE

Defendants deny all of the Plaintiff's allegations of wrongful conduct and state that they were at all relevant times acting in good faith and in reasonable belief that their actions were lawful.

## JURY CLAIM

The Defendants claim a trial by jury on all Counts so triable.

        Respectfully submitted,
        The Defendants,
        The Town of Medway, and Daniel J. Hooper, Matthew J. Hayes, Alan DeToma, Karyl Spiller-Walsh and Kent Scott, Individually and in their Official Capacities as Members of the Town of Medway Planning Board,
        By their attorneys,

        /s/ Deborah I. Ecker
        Leonard H. Kesten, BBO# 542042
        Deborah I. Ecker, BBO# 554623
        BRODY, HARDOON, PERKINS & KESTEN, LLP
        One Exeter Plaza, 12th Floor
        Boston, MA 02116
        617) 880-7100

DATED: July 29, 2004